**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-1082**

_____

DANNY BRYANT; ROCKYFORK MINE ELECTRONICS, INC.,

    Plaintiffs - Appellants,

  v.

CARL W. CARICO,

    Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:13-cv-00022-JPJ-PMS)

_____

Submitted:  August 28, 2015   Decided:  September 18, 2015

_____

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellants.  Henry S. Keuling-Stout, KEULING-STOUT, P.C., Big Stone Gap, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny Bryant and Rockyfork Mine Electronics, Inc., (Appellants) appeal the district court's order granting summary judgment in favor of former Deputy Sheriff Carl W. Carico in their 42 U.S.C. § 1983 (2012) action for malicious prosecution. We affirm the district court's judgment.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012) (internal quotation marks omitted). A plaintiff must show "that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." Id. The causation element requires a showing of "both but-for and proximate causation," and "subsequent acts of independent

2

decision-makers (e.g., prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure." Id.

Officers may remain liable to a wrongfully prosecuted defendant "when they have lied to or misled the prosecutor; failed to disclose exculpatory evidence to the prosecutor; or unduly pressured the prosecutor to seek the indictment." Id. at 647-48 (citations omitted). But "a police officer is not liable for a plaintiff's unlawful seizure following indictment in the absence of evidence that the officer misled or pressured the prosecution." Id. at 648 (alteration and internal quotation marks omitted).

Appellants argue that the district court erroneously shifted the evidentiary burden from Carico to Appellants. Pursuant to Evans, we conclude that the district court did not err in holding that Appellants held the burden to demonstrate that the officer misled the intervening decision-maker rather than requiring that the officer establish the independence of the intervening decision-maker. See Durham v. Horner, 690 F.3d 183, 189 (4th Cir. 2012) ("[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." (internal quotation marks omitted)).

Appellants' second claim on appeal is that Bryant's arrest, rather than his later indictment, caused his loss of liberty and is actionable. We conclude that any error in the district court's reasoning was harmless in light of Appellants' failure to challenge the existence of probable cause for two of the arrest warrants issued by the magistrate.

Finally, to the extent that Appellants' conclusory claim as to the seizure of Rockyfork's inventory preserves the issue for appeal, the record is devoid of any evidence showing what information Carico provided to the Commonwealth's Attorney in support of the civil forfeiture proceedings. Consequently, without evidence that Carico made material omissions or misrepresentations in his communication with the prosecutor, Rockyfork failed to demonstrate a prima facie case.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED